Matter of Kahlisha K.J. v Eddie R. (2018 NY Slip Op 08352)





Matter of Kahlisha K.J. v Eddie R.


2018 NY Slip Op 08352


Decided on December 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 6, 2018

Friedman, J.P., Kapnick, Webber, Kahn, Kern, JJ.


7810 7809

[*1]In re Kahlisha K.J., Petitioner-Respondent,
v
Eddie R., Respondent-Appellant.
In re Kahlisha K.J., Petitioner-Appellant,
v
Eddie R., Respondent-Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for Eddie R., appellant/respondent.
Leslie S. Lowenstein, Woodmere, for Kalisha K.J., respondent/appellant.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the child.



Order, Family Court, Bronx County (Brenda Rivera, J.), entered on or about March 2, 2017, which ordered the mother's petition for modification of custody of the parties' child, Khloe R., to proceed to a best interests hearing, unanimously reversed, on the law and the facts, without costs, the petition denied, and the proceeding dismissed. Appeal from order, same court (Aija M. Tingling, J.), entered on or about September 6, 2017, which stayed the underlying proceedings pending appeal from the March 2, 2017 order, unanimously dismissed, without costs, as academic.
Although an appeal as of right does not lie from the nonfinal March 2, 2017 order, given the significance of the issues, we, nostra sponte, treat the notice of appeal as an application for leave to appeal and grant the father leave (Family Ct Act 1112[a]; Matter of Sharon H. v Terry P., 232 AD2d 335 [1st Dept 1996]).
When a parent seeks a change of custody based on the best interests of the child, that parent must first make an evidentiary showing that there has been a sufficient change in circumstances to warrant a hearing (David W. v Julia W., 158 AD2d 1, 7 [1st Dept 1990]; see also Matter of Benjamin Sze-Bin W. v Kerry S.W., 122 AD3d 473 [1st Dept 2014]).
Family Court failed to apply this standard. Instead of determining whether the mother had made an evidentiary showing that there had been a sufficient change in circumstances, Family Court held a hearing at which testimony from both the mother and the father was adduced, and Family Court accepted as true the mother's proof and afforded her every favorable inference that reasonably could be drawn therefrom. However, that standard applies where a respondent moves to dismiss a modification proceeding at the conclusion of the petitioner's proof, which was not the case here. The father did not move to dismiss at the conclusion of the mother's case and instead proceeded with his own testimony, which evidence the court did not address in the order under review.
Since the court, in issuing the March 2, 2017 order, applied the wrong standard in [*2]reviewing the hearing evidence, we reverse. We further find, after reviewing all of the evidence introduced at the hearing held by the Family Court, that the petition should be denied on the ground that the mother has failed to make an evidentiary showing that there has been a sufficient change in circumstances to warrant a hearing as to the child's best interests. The mere fact that the mother voluntarily moved from the Bronx to Middletown, New York does not constitute a change in circumstances. Further, the evidence introduced at the hearing did not establish that the father's conduct constituted parental alienation.
The mother's appeal from the order granting a stay of the Family Court proceedings is moot, as any stay expires with this decision.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 6, 2018
CLERK